IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| TONYA JEAN ARMS ) | |
| ) | |
| v. ) | No. 2:15-0047 |
| ) | |
| NANCY A. BERRYHILL ) | |
|     Acting Commissioner of ) | |
|     Social Security[1] ) | |

To:  The Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for a period of disability and Disability Insurance Benefits ("DIB"), as provided under Title II of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 12), to which Defendant has responded (Docket Entry No. 14).

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge recommends that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 12) be **DENIED**.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

1

## I. INTRODUCTION

Plaintiff filed an application for a period of disability and DIB on October 27, 2011. *See* Transcript of the Administrative Record (Docket Entry No. 7), at 54.[2] She alleged a disability onset date of June 1, 2008. AR 54. Plaintiff asserted that she was unable to work due to arthritis and a back injury.[3] AR 68.

Plaintiff's applications were denied initially and upon reconsideration. AR 54, 64. Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Joan A. Lawrence on September 12, 2013. AR 30. On January 31, 2014, the ALJ denied the claim. AR 10-12. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on July 8, 2015, (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on January 31, 2014. AR 10-12. Based on the record, the ALJ made the following enumerated findings:

1. The claimant last met the insured status requirements of the Social Security Act through September 30, 2012.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of June 1, 2008 through her last date insured of September 30, 2012 (20 CFR 404.1571 *et seq*.).

\*\*\*

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding Bates-stamped number(s) in large black print in the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

[3] Medical evidence also indicated that Plaintiff suffered from obesity and depression. AR 75.

3. Through the date last insured, the claimant had the following severe impairments: rheumatoid arthritis and morbid obesity (20 CFR 404.1520(c)).

\*\*\*

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

\*\*\*

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c). While she can frequently perform all postural activities, she must avoid concentrated exposure to extreme cold.

\*\*\*

6. The claimant has no past relevant work (20 CFR 404.1565).

\*\*\*

7. The claimant was born on April 10, 1972 and was 40 years old, which is defined as a younger individual 18-49, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568).

10. Through the dated last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

\*\*\*

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 1, 2008, the alleged onset date, through September 30, 2012, the date last insured (20 CFR 404.1520(g)).

AR 15-24.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 389-90 (6th Cir. 1999). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A

4

reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g., Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

### B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also*

5

*Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra; Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If the claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 402 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v.*

*Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428. 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five -Step Evaluation of Plaintiff

In the instant case, the ALJ resolved the Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps, but found at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff has no past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed her to perform medium work as defined in 20 CFR 404.1567(c) and that considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 15-24.

7

### D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ committed reversible error by: (1) improperly evaluating her credibility; and (2) improperly relying on the "Grid Rules" to determine that she could perform a full range of medium work. DE 13 at 15-17. Plaintiff therefore requests that the Commissioner's decision be reversed or, alternatively, that this case be remanded for further consideration. *Id.* at 17.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The Court addresses each of Plaintiff's assertions of error below.

### 1. The ALJ's credibility determination.

Plaintiff first argues that substantial evidence does not support the ALJ's credibility determination. Plaintiff claims that "[a]ll of the evidence in the record tends to support [her] allegations of disabling pain." DE 13 at 17. Plaintiff's brief, however, fails to identify any such evidence.

An ALJ's findings with respect to credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Calvin v. Comm'r of Soc. Sec.*, 437 F. App'x 370, 371 (6th Cir. 2011) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). The ALJ's assessment must be supported by substantial evidence, *id.*, although the Sixth Circuit has stated that an ALJ's credibility findings "are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (internal citation and quotations omitted).

After reciting the standard that the ALJ must utilize in evaluating a claimant's allegations of disabling pain, Plaintiff does little more than reference her own testimony regarding the severity of her condition. DE 13 at 16-17. Plaintiff claims that the ALJ improperly "focused on a few points to the exclusion of the thrust of the substantial evidence" contained in the record, yet her brief includes no discussion of the ALJ's findings or any medical evidence to support her claims of disabling pain. This omission is significant because the ALJ "is not required to simply accept the testimony of a claimant if it conflicts with medical reports and other evidence in the record." *Christie v. Comm'r of Soc. Sec.*, No. 13-14408, 2015 WL 357044, at *6 (E.D. Mich. Jan. 27, 2015) (citing *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997)); *see also Buxton v. Halter,* 246 F.3d 762, 773 (6th Cir. 2001) ("Subjective complaints of 'pain or other symptoms shall not alone be conclusive evidence of disability.'") (citing 42 U.S.C. § 423(d)(5)(A)).

In contrast, the ALJ provided an extensive discussion of her reasons for discounting Plaintiff's credibility. AR 20-23. The ALJ considered the disparity between Plaintiff's complaints of incapacitating pain and her daily activities. AR 21. The ALJ also highlighted the mild clinical findings documented by Plaintiff's treating and examining physicians, which

include intermittent pain, normal muscle strength, and a full range of motion in her elbows, wrists, and hands, and noted that conservative treatment was used to treat Plaintiff's condition (AR 21), the latter of which "suggests the absence of a disabling condition." *Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 678 (6th Cir. 2013). The ALJ further noted the inconsistencies in Plaintiff's statements to medical providers regarding the severity of her symptoms, as well as the discrepancy between Plaintiff's hearing testimony and her statements to a psychological examiner regarding the reasons for leaving her most recent employment. AR 22. Such findings represent substantial evidence in support of the ALJ's decision to discount Plaintiff's credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) ("As long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to second-guess[.]") (citing *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)).

Plaintiff does not address any of these findings, save for a brief statement that her treatment was "sporadic" due to a loss of insurance in 2011. DE 13 at 17. Plaintiff indeed testified that she was unable to afford some of her *medication* because she lost her health insurance, a predicament for which the undersigned has great sympathy. However, as noted by Defendant, Plaintiff continued to receive *treatment* throughout 2012 and 2013, well after her alleged loss of insurance in May of 2011. AR 241-51, 258, 366-81. During this period, she received other prescription medication to treat her symptoms and was ultimately able to resume taking some of the medication that was discontinued after she lost her insurance. AR 275, 373. Put simply, Plaintiff's inability to afford some of her medication for a period of time is insufficient to overcome the abundance of evidence cited by the ALJ in support of the credibility determination. *See Bass,* 499 F.3d at 509 ("If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the

opposite conclusion.") (citing *Longworth v. Comm'r of Soc. Sec.,* 402 F.3d 591, 595 (6th Cir. 2005)).

An ALJ's credibility determination "may not [be] disturb[ed] absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001) (internal citations omitted). The undersigned finds no such compelling reason to reverse the Commissioner's decision in this case based on the ALJ's credibility determination.

**2. The ALJ's application of the "Grid Rules."**

Plaintiff next contends briefly that the ALJ erred by relying on the Medical-Vocational Guidelines, referred to as the "Grids," in finding that she was capable of performing medium work pursuant to Rule 203.28 of the Grids. DE 13 at 17. Plaintiff claims that the ALJ was not permitted to rely on the Grids because she determined that Plaintiff suffered from a nonexertional limitation, namely a restriction mandating that she avoid "concentrated exposure to extreme cold." *Id.*; AR 19.

It is true that an ALJ is permitted to utilize the Grids at step five of the evaluation process only if a nonexertional impairment does not *significantly* limit the claimant. *See Wright v. Massanari*, 321 F.3d 611, 615-16 (6th Cir. 2003) (emphasis added); *see also Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987) ("Reliance upon the grids in the presence of nonexertional limitations requires reliable evidence of some kind that the claimant's nonexertional limitations do not *significantly* limit the range of work permitted by his exertional limitations.") (internal citations omitted) (emphasis added). "If a [nonexertional] impairment, even though considered significant, has the effect only of reducing [the] occupational base marginally, the Grid remains highly relevant and can be relied on exclusively to yield a finding as to disability." *Andrews v.*

*Comm'r of Soc. Sec.*, No. 08-CV-12296-DT, 2009 WL 1505791, at *7 (E.D. Mich. May 27, 2009) (quoting *Ortiz v. Secretary of Health & Human Servs.,* 890 F.2d 520, 524 (1st Cir. 1989)).

Here, the ALJ concluded that Plaintiff could perform medium work as defined in 20 C.F.R. § 404.1567(c), but additionally found that Plaintiff must "avoid concentrated exposure to extreme cold," which represents a nonexertional limitation. The ALJ addressed this single nonexertional limitation by citing Social Security Rulings ("SSR") 83-14 and 85-15, both of which discuss application of the Grids in situations involving nonexertional limitations, and noting that the restriction regarding concentrated exposure to extreme cold "do[es] not significantly limit the range of jobs still available to the claimant." AR 24.

Plaintiff's lone argument is that "Grid Rules cannot be relied upon unless they squarely meet all criteria for a level of work." DE 13 at 17. Plaintiff is mistaken, however, as SSR 83-14 provides examples of nonexertional limitations that would not significantly limit the number of jobs applicable to the medium work base, thus permitting application of the Grids, including the following situation: "The need to avoid environments which contain objects or substances commonly known not to exist in most workplaces would be an obvious example of a restriction which does not significantly affect the medium occupational base." 1983 WL 31254, *5 (January 1, 1983). This is analogous to the ALJ's restriction involving the need to "avoid concentrated exposure to extreme cold," which is an environment not known to most workplaces, and thus would not significantly limit the range of jobs available to Plaintiff. *See Crawford v. Comm'r of Soc. Sec.*, No. 5:11-CV-1252, 2012 WL 1552781, at *2 (N.D. Ohio Apr. 30, 2012) ("The clear intent of [SSR 83-14 and SSR 96-9p] is to eliminate the need to consider environmental limitations within job categories where those limitations would ultimately have no [e]ffect on the ability to perform the stated job.")

12

Moreover, as noted by Defendant, 20 C.F.R. § 404.1567(c) explicitly states that "[i]f someone can do medium work, we determine that he or she can also do sedentary and light work." This is significant because SSR 96-9p defines "extreme cold" as an environment involving "exposure to nonweather-related cold temperatures," and further notes that "few occupations in the unskilled sedentary occupational base require work in environments with *extreme cold*, extreme heat, wetness, humidity, vibration, or unusual hazards." SSR 96-9p, 1996 WL 374185, *8-9 (July 2, 1996) (emphasis added). Notably, courts in this circuit have held that an ALJ may apply the Grids in situations involving a claimant with numerous nonexertional limitations, as long as such limitations do not erode the occupational base. *See, e.g., Edwards v. Comm'r of Soc. Sec.*, No. 12-11789, 2012 WL 6962977, at *10 (E.D. Mich. Dec. 17, 2012), *report and recommendation adopted*, 2013 WL 363018 (E.D. Mich. Jan. 30, 2013) (holding that ALJ did not err by applying the Grids to a claimant who could perform work at all exertional levels despite having nonexertional limitations involving occasional climbing of ladders, ropes and scaffolds). The undersigned therefore finds no error in the ALJ's reliance on the Grids despite a single nonexertional limitation pertaining to concentrated exposure to extreme cold.

Based on the foregoing analysis, the undersigned concludes that there is "reliable evidence" that the nonexertional limitation in question does not significantly limit the range of work permitted by Plaintiff's exertional limitations. *Shelman* 821 F.2d at 321. Plaintiff's assertion of error is thus rejected.

## V. RECOMMENDATION

For the above stated reasons, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion for judgment on the administrative record (DE 12) be DENIED and that the Commissioner's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge